UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 625 |
| | ) | Hon. Mark Filip |
| OMAR AVALOS-RAMOS | ) | |
| also known as, | ) | |
| "Omar Fierro", and | ) | |
| "Victor Garibay" | ) | |

PROTECTIVE ORDER TO PRESERVE
PROPERTY SUBJECT TO FORFEITURE

This matter comes before the Court on the application of the United States for entry of an order allowing the Government to maintain custody of certain property to preserve the property for forfeiture, and the Court being fully advised finds as follows:

(a) On August 26, 2006, law enforcement agents of the Bureau of Immigration and Customs Enforcement ("ICE") seized various assets from OMAR AVALOS-RAMOS, namely:

(1) $229,00.00 in U.S. currency, seized by law enforcement on or about August 30, 2006[1];

(2) $21,000.00 in U.S. currency, seized by law enforcement on or about August 30, 2006; and

(3) one black 1999 Jeep Grand Cherokee, VIN #1J4GW58S5XC609345.

(b) On September 28, 2006, an indictment was returned charging the defendant OMAR AVALOS-RAMOS with violations of Controlled Substances Act pursuant to the provisions of 21 U.S.C. §§ 846 and 841(a)(1), among other violations. The indictment sought

---

[1] The currency was deposited in accordance with proper procedures on August 31, 2006. However, the bank, upon verifying the deposit, detected $20.00 in counterfeit currency and as a result, reduced the total deposit to $228,980.00.

forfeiture of certain property including the foregoing funds and vehicles, because there is probable cause to believe that this property constitutes proceeds of the defendant's narcotics trafficking activities or property that was used or intended to be used to facilitate the defendant's narcotics trafficking activities;

(c) On October 15, 2006, defendant OMAR AVALOS-RAMOS filed a claim to contest ICE's administrative forfeiture of the funds and vehicles. On November 13, 2006, ICE referred the case to the United States Attorney's Office.

(d) Pursuant Title 18, United States Code, Section 983(C), which states in part...

> In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in the indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession shall be governed by the applicable criminal forfeiture statute.

(e) Because the indictment was returned seeking the forfeiture of the property that constitutes proceeds of the defendant's narcotics trafficking activities or was used or intended to be used to facilitate the defendant's narcotics trafficking activities, it has been determined that the United States intends to proceed against the funds pursuant to the provisions of 21 U.S.C. § 853, in lieu of commencing a civil forfeiture action against the funds and vehicles;

(f) The property is alleged to be subject to forfeiture upon the conviction of the defendant, so entry of an order is necessary to preserve and protect the property to ensure that it is available to satisfy any forfeiture judgment entered by the Court against defendant OMAR AVALOS-RAMOS at the time of sentencing;

(g) The property identified in the indictment is alleged to be subject to forfeiture

2

pursuant to Title 21, United States Code, Section 853. Title 21, United States Code, Section 853(e), provides in pertinent part:

> (1)     Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property . . . for forfeiture under this section

(h)     Because the property is in the custody of the United States, and the grand jury has determined that there is probable cause to believe that the funds in the property is subject to forfeiture, the government requests that an order be entered allowing it to maintain custody of the seized funds and vehicles pursuant to 21 U.S.C. § 853(e)(1) to preserve the availability of the property for forfeiture. Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases similar to this case, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself. *See In Re: 2000 White Mercedes* ML320, 220 F.Supp. 1322 (M.D. Fla. Sept. 25, 2001) (if property is already in Government custody, no § 853(f) seizure warrant can be issued, as an order under § 853(e) would be sufficient to preserve the property);

(i)     In order to ensure that the property is available for forfeiture proceedings, the United States shall maintain custody of this property. If the seized assets are transferred or concealed, it will be difficult, if not impossible, to trace the items that constitute proceeds of defendant OMAR AVALOS-RAMOS' narcotic trafficking activities. Further, upon entry of a forfeiture judgment, considering the character of this property, it will not be available to satisfy any forfeiture judgment entered at the time of sentencing against defendant OMAR AVALOS-RAMOS.

Accordingly, it is hereby ORDERED, DIRECTED and ADJUDGED

(1) That pursuant to 21 U.S.C.§ 853(e)(1), the following property shall be maintained by the United States through the conclusion of the pending criminal case to preserve the property so that it is available to satisfy the forfeiture liability of the defendant:

    (a)     $229,000.00 in U.S. currency, seized by law enforcement on or about August 30, 2006;

    (b)     $21,000.00 in U.S. currency, seized by law enforcement on or about August 30, 2006; and

    (c)     one black 1999 Jeep Grand Cherokee, VIN #1J4GW58S5XC609345.

ENTER:

_____
MARK FILIP
United States District Judge

Date: 1/15/07